**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
Direct Dial: 480-245-6233
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Midway International, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midway International, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hair Zone, Inc., a New Jersey corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND COMMON LAW TRADEMARK INFRINGEMENT** |

### INTRODUCTION

Plaintiff Midway International, Inc. ("Midway") is the owner of a family of BOSS marks, including without limitation BOSS HAIR, BOSS WIG, BOSS BUNDLE, BOSS LACE and BOBBI BOSS (collectively Midway's BOSS Marks), as used for false hair, hair braids, hair extensions, wigs, and other hair pieces.  This action involves the Defendant's unauthorized adoption and use of BOSS in connection with the promotion and sale of competing wigs and hair pieces products, including BOSS LADY and BOSS BABE products, in violation of Midway's trademark rights in its BOSS Marks.

For its Complaint, Plaintiff Midway alleges:

## PARTIES

1.      Midway is a California corporation with its principal place of business at 13131 East 166th Street, Cerritos, California 90703.

2.      Upon information and belief, Hair Zone, Inc. ("Defendant") is a New Jersey corporation with its principal place of business at 10 State Street, Moonachie, NJ 07074. Hair Zone does business under the trade name Sensationnel.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 because it arises under the federal Lanham Act, 15 U.S.C. §1051 et seq. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §§1332(a) because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4.       This Court has supplemental jurisdiction over Midway's state law claim pursuant to 28 U.S.C. §1367 because it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendant, which advertises and sells its infringing products in this District through multiple retail stores that offer Defendant's infringing products. Attached as Exhibit 1 is a printout from Defendant's website identifying retail stores in the Phoenix metro area that sell its Infringing Products. Attached as Exhibit 2 are true and correct copies of photographs of infringing BOSS LADY products purchased from retail stores in the Phoenix metro area.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

7. Midway is one of the top hair products distributors in the world and a leading provider of hair braids, extensions, wigs and other hair pieces.

8. Since 2006, Midway has prominently used one or more of its BOSS marks on its hair products. Midway's BOSS products are well known to consumers in the marketplace and together create one of the most popular brands for wigs, hair extensions, and other hair pieces.

9. In its registered BOSS HAIR, BOSS WIG, BOSS BUNDLE and BOSS LACE marks, BOSS is the first and most prominent word.

10. In using its registered BOBBI BOSS Marks, the BOSS portion is commonly emphasized, when the mark is presented in any graphical or stylized format.

11. For example, in the BOBBI BOSS logo below, BOSS is highlighted and presented in a separate color from BOBBI:

 

12. In advertising and on product packaging, BOSS is commonly emphasized. For example, in the presentation of products bearing the marks BOSS BUNDLE and BOSS LACE,

the BOSS portion is presented in bolder typeset than BUNDLE or LACE, as shown below:





13. Some of Midway's BOSS Marks are a combination of BOSS with a generic term, such as in the incontestable marks BOSS HAIR and BOSS WIG.










14. Midway currently owns 16 federal trademark registrations for various BOSS based marks covering its hair products, including the six registrations summarized below:

| TRADEMARK | REGISTRATION NO. | Goods Covered by Registration |
|---|---|---|
| **BOSS HAIR** | 4769140 | Class 26: Hair extensions; Hair Pieces; Wigs; and False hair |
| **BOSS WIG** | 4822120 | Class 26: Wigs |
| **BOSS BUNDLE** | 6146897 | Class 26: Hair weaves; hair extensions; hair pieces and add-in and add-on hair accessories constructed of human hair. |
| **BOSS LACE** | 6197043 | Class 26: Wigs constructed primarily of human hair, human hair synthetic blend, and synthetic hair. |
| **BOBBI BOSS** | 4428859 | Class 26: Hair extensions; Hair Pieces; Wigs; Add-in and add-on hair accessories constructed primarily of synthetic and/or human hair; Hair weaves; and Hair braids. |
| [BOBBI BOSS logo] | 5217471 | Class 26: Hair extensions; Hair Pieces; Wigs; Add-in and add-on hair accessories constructed primarily of synthetic and/or human hair; Hair weaves; synthetic braiding hair; add-in and add-on hair accessories constructed primarily of synthetic hair, namely, hair braids |

True and correct copies of these registrations are attached in Exhibit 3. These marks are referred to collectively herein as the "BOSS Marks."

15. Midway is the owner of every federal registration in class 26 for a BOSS mark as used for hair extensions; hair pieces; wigs; false hair, and add-in and add-on hair accessories constructed of human hair.

16. Many of Midway's federal registrations for BOSS Marks including for marks like BOSS HAIR and BOSS WIG are incontestable and therefore constitute conclusive

6

evidence of Midway's ownership and exclusive right to use the incontestable marks in connection with the goods for which they are registered.

17. In addition to its federal registrations, Midway, which sells its products nationwide, owns common law trademark rights in its BOSS Marks throughout the United States, including in Arizona.

18. Midway's hair products are sold under the BOSS Marks throughout the United States, including in this District, by authorized resellers in both physical retail stores and online through a variety of retail websites and e-commerce platforms, including but not limited to Amazon, eBay, ebonyline, and Elevate Styles.

19. Midway has sold many hundreds of millions of units of product bearing one or more of its BOSS Marks.

20. Midway's consumers are primarily women who use wigs, hair pieces and add-in and add-on hair accessories made of hair.

21. Midway advertises its BOSS products in a variety of channels, including without limitation on social media platforms such as Facebook, Instagram, Pinterest, and YouTube, and has over 125,000 followers on Instagram alone.

22. As a result of Midway's long-standing use and substantial promotion of its products, BOSS has become uniquely associated with Midway in connection with wigs, hair extensions, and other hair piece products, and the BOSS Marks have become known to the relevant consumers as symbolizing the goodwill and consistent high quality they have come to expect from Midway's hair products.

Defendant's Infringing Products

23. Upon information and belief, sometime in 2020 Defendant began promoting and selling in commerce wigs and hair pieces using BOSS marks and names, sometimes presented as purported style references, such as on BOSS LADY and BOSS BABE products (the "Infringing Products"). Examples of Defendant's Infringing Products are depicted below and in the attached Exhibit 2.




BOSS LADY
Wig | Curls Kinks & Co.



BOSS BABE
Wig | Curls Kinks & Co.



24. Defendant advertises its products on its www.sensationnel.com website using BOSS LADY and BOSS BABE as the key marks for such products.

25. Illustrations of the pages at https://www.sensationnel.com/product/boss-lady-3/ and at https://www.sensationnel.com/product/boss-babe/ that are the main pages for the BOSS LADY and BOSS BABE products are shown in Exhibit 4, along with the page at the Defendant's website that promotes the sale of 6 different BOSS LADY and BOSS BABE products on the website when consumers are searching for BOSS.

26. Defendant's target consumers are the same consumers targeted by Midway – primarily women who use hair pieces and add-in and add-on hair accessories made of hair.

27. Defendant advertises and promotes its Infringing Products in the same marketing channels as Midway, including on the social media platforms Facebook, Instagram, Pinterest and YouTube.

28. Defendant's Infringing Products are sold in the same channels of trade as Midway's products sold under the BOSS Marks, including in some of the same retail stores, online websites, and e-commerce platforms.

29. A search for "BOSS HAIR", Midway's federally registered and incontestable mark, as the search term on various e-commerce sites produced hits for Defendant's BOSS LADY and BOSS BABE products, as shown in Exhibit 5, in addition to the hits for Midway's products.

30. Consumers seeing BOSS references, such as BOSS LADY and BOSS BABE, on competing hair products will be likely to believe, mistakenly, that Midway has extended its

line of BOSS products to add these further products or has otherwise collaborated with and/or authorized Defendant to sell this new line of BOSS hair pieces.

31. Upon information and belief, Defendant has used and is using one or more of Midway's BOSS Marks as product and search engine keywords in an effort to trigger the display of Defendant's products when consumers are searching for Midway's products.

32. Midway has not authorized Defendant to use BOSS as a reference, name, or mark for any of Defendant's hair products.

33. Upon information and belief, Defendant willfully and deliberately adopted its BOSS LADY and BOSS BABE products with actual knowledge of Midway's BOSS Marks, and with the intent to cause confusion and benefit from the goodwill associated with Midway's BOSS Marks.

34. Midway does not control and does not have any means to control the quality of the Defendant's Infringing Products.

35. Midway is aware of instances of actual confusion, including without limitation and by way of example, the confusion of retail store clerks who, when asked where to find Defendant's BOSS LADY and BOSS BABE products, responded by referring to BOBBI BOSS.

36. Defendant's continued advertising and sale of competing products using BOSS as part of any reference or name for such products, including but not limited to BOSS LADY and BOSS BABE, will irreparably harm Midway in that such unauthorized use will cause Midway to lose control over the reputation and goodwill associated with its BOSS Marks.

**Count One**

**(Trademark Infringement – 15 U.S.C. §1114)**

37. Midway incorporates the allegations in paragraphs 1- 34 as if fully set forth.

38. Midway has prior rights in its federally registered BOSS Marks.

39. Defendant's advertising and sale of hair products using a BOSS product name and mark for its competitive products infringes upon Midway's rights in its BOSS Marks because Defendant's use is likely to cause confusion as to the source of Defendant's Infringing Products and/or as to Midway's affiliation, endorsement, and/or sponsorship of the Infringing Products.

40. Midway has been damaged, and if the infringement is not stopped will continue to be irreparably harmed by, Defendant's advertising and sale of the Infringing Products.

**Count Two**

**(False Designation of Origin– 15 U.S.C. §1125(a))**

41. Midway incorporates the allegations in paragraphs 1- 34 as if fully set forth.

42. In connection with the promotion and sale of the Infringing Products in commerce, Defendant's use of BOSS LADY and BOSS BABE is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Midway with Defendant, or as to the origin, sponsorship, or approval of the Infringing Products by Midway.

43. Midway has been damaged, and if the infringement is not stopped will continue to be irreparably harmed, by Defendant's advertising and sale of the Infringing Products.

**Count Three**

**(Common Law Trademark Infringement and Unfair Competition)**

44. Midway incorporates the allegations in paragraphs 1- 34 as if fully set forth.

45. Defendant's actions, as alleged herein, constitute trademark infringement and unfair competition under Arizona common law.

46. Midway has been damaged, and if the infringement is not stopped will continue to be irreparably harmed, by Defendant's advertising and sale of the Infringing Products.

**PRAYER FOR RELIEF**

Midway prays for the following relief:

A. A judgment in favor of Plaintiff against Defendant on all counts;

B. A preliminary and permanent injunction against Defendant, its officers, agents, servants, employees, attorneys and all those in active concert or participation with any of the foregoing, enjoining them from using BOSS (alone or in connection with other words), BOSS LADY, BOSS BABE and any colorable imitations thereof, on or in connection with hair pieces, hair extensions, hair braids, wigs, and any other products made from or consisting of synthetic and/or human hair, and in connection with the promotion and sale of such goods;

C. Damages in an amount to be proved at trial;

D. An award of Defendant's profits derived from the infringement;

E. A finding that this case is an exceptional case under 15 U.S.C. §1117 and an award of Plaintiff's reasonable attorney's fees;

F. An award of treble damages under 15 U.S.C. §1117;

G. An award of Plaintiff's costs in bringing this action; and

H. Such other relief as the Court deems just.

Dated: March 30, 2021

By: ___s/Sean Garrison/___
Glenn S. Bacal (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
Sean D. Garrison (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
BACAL & GARRISON LAW GROUP
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona 85251
Telephone: (480) 245-6230
Fax: (480) 245-6231

*Attorneys for Plaintiff Midway International, Inc.*